LOBRANO, J.,
dissents with reasons.
|,I respectfully dissent. I would vacate the court’s delinquency adjudication and disposition and remand the case to determine whether the evidence warrants a finding that D.H.’s family is in need of services rather than finding that D.H. is a delinquent.
Immediately after the adjudication hearing, the judge stated the following:
... Unfortunately, mom, you have put your daughter in this situation and you did steal something from Rouses. And it’s too bad that I’m going to have to adjudicate this young lady delinquent for theft because she intentionally concealed an item that was in her purse.
... I don’t think you ever had the intention to go in Rouses and steal from them, but once your mother made that decision, she pulled you in this.
... I’m really sorry because I tried to find any way possible to not have you adjudicated delinquent for this charge. Because I know you are a good kid who has good grades, and you made a decision based on something that your mother made you do, okay.
So really at this point I would — ODAP is obviously relieved of supervision, and I really do not want to — do you want to waive delays? Because really what I’d like to do is give her a public reprimand, okay....
*1069 So at this time I’m going to give [D.H.] what I consider a public reprimand, which means that you are not going to go on any probation. This is not something that will follow your record, ...
RSo I’m going to admonish you not to have any further violations of the law; not to get into any further trouble. I’m not going to put you under anybody’s supervision.
So your disposition is that I’m going to order that you do not become a follower and learn to be leader. And I am also going to close your case, and there are no fees that will be owed in this case.
The court erred in finding that there was no other option but to find D.H. a delinquent, especially in light of the authority provided to the court under La. Ch.C. art. 884(B) to recharacterize a child as a member of a family in need of services (F.I.N.S.), rather than a delinquent child.[1] One of the grounds for adjudicating a child as a member of a family in need of services is that “a caretaker has caused, encouraged, or contributed to the child’s behavior , enumerated in this Article or to the commission of delinquent acts as defined in Title VIII.” La. Ch.C. art. 730(7). The court properly found thát D.H.’s mother caused, encouraged, and contributed to D.H.’s behavior in question. Thus, the court’s decision is clearly not in the best interest of D.H. and is in error for failing to determine whether the evidence warrants the requested adjudication of delinquency or the Article 884(B) authorized adjudication of F.I.N.S. Therefore, I would vacate the court’s delinquency adjudication and disposition and remand the case to determine whether the evidence warrants a finding that D.H. is a F.I.N.S. child rather than finding that D.H. is a delinquent.

. La. Ch.C. art. 884 provides, in pertinent part:
Art. 884. Adjudication order
A.Following the adjudication hearing, the court shall immediately declare whether the evidence warrants an adjudication that the child is delinquent. In exceptional circumstances, the court may take the matter under advisement.
B. If the evidence demonstrates that the child’s family is in need of services, the court may adjudicate the child’s family to be in need of services and proceed to a disposition in accordance with Chapters 10 and 12 of Title VII.
C. If the court finds that the evidence does not warrant any requested or authorized adjudication, it shall dismiss the petition.